IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-78-BO

| | |
|---|---|
| AMERICAN RELIABLE INSURANCE COMPANY,<br>                    Plaintiff,<br><br>v.<br><br>ANGELA MICHELLE LEWIS; COREY SMITH; LPL HOLDINGS, LLC; LEWIS LOBOSCO; and PATRICIA LOBOSCO,<br>                    Defendants. | ORDER |

This cause comes before the Court on a motion to dismiss this action by defendants Angela Michelle Lewis and Corey Smith. Plaintiff has responded and the time for filing a reply has expired. For the foregoing reasons, the motion to dismiss is granted.

## BACKGROUND

Plaintiff, American Reliable Insurance Company (ARI), filed this declaratory judgment action under 28 U.S.C. § 2201 seeking a declaration concerning its rights and obligations under two commercial general liability insurance policies for damages that may be assessed in an action filed by Angela Lewis and Corey Smith in New Hanover County Superior Court. The first policy was issued by ARI to Coastal Pro Solutions, Inc., which has been dismissed as a defendant in this action. [DE 21]. The second policy was issued by ARI to LPL Holdings, LLC, dba Lobosco, Lewis and Patricia.

Lewis and Smith filed a complaint in New Hanover County against the Lobosco defendants and others alleging that they leased a house located in historic Wilmington, North Carolina from the Lobosco defendants which contained lead paint, that the presence of lead paint

was not disclosed to them, that they had three small children in the home, that during construction in the home paint was chipped, and that their youngest child tested with lead levels in her blood approaching the level of lead poisoning. Lewis and Smith were later advised that the house was not habitable and that they should immediately leave the premises and have personal items professionally cleaned. Lewis and Smith do not know whether they, their youngest child, or older children will have health issues related to lead exposure. [DE 25-1]. In their complaint, Lewis and Smith raise claims for, *inter alia*, breach of lease, negligence, negligent misrepresentation, fraud in the inducement, and fraud by concealment. *Id.*

ARI seeks a declaration that defendants LPL and the Loboscos are not entitled to indemnity from ARI for damages sought in the New Hanover County action, that ARI has no duty to defend LPL or the Loboscos in the New Hanover County action, and that ARI may withdraw its defense of LPL and the Loboscos. ARI contends, *inter alia*, that its policy excludes coverage for bodily injury or property damage that was expected or intended from the standpoint of the insured and that a total pollution exclusion endorsement bars coverage for bodily injury or property damage due to lead exposure because lead is a "pollutant" within the meaning of the policy. [DE 25].

## DISCUSSION

Defendants Lewis and Smith seek dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[1] arguing that this Court should decline to exercise jurisdiction over this declaratory judgment action. "[A] federal court may properly exercise

---

[1] A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2

jurisdiction in a declaratory judgment proceeding when three essentials are met: (1) the complaint alleges an 'actual controversy' between the parties 'of sufficient immediacy and reality to warrant issuance of a declaratory judgment;' (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction." *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004) (citations omitted).

Lewis and Smith argue only that the Court should in its discretion decline to exercise jurisdiction over the complaint. Federal district courts have great latitude in deciding whether to exercise their jurisdiction over a declaratory judgment action, and in so deciding they should consider whether exercising jurisdiction would first "serve a useful purpose in clarifying and settling the legal relations in issue," and second would "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998) (citation omitted). Additional factors which should be considered when there is an underlying state court proceeding are "(i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and (iii) whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law.'" *Id.* (quoting *Mitcheson v. Harris*, 955 F.2d 235, 237-40 (4th Cir. 1992)). A court should also consider whether the declaratory judgment action is being used as procedural device, either in a race to res judicata or to reach a federal forum in a case which would otherwise be non-

3

removable. *Id.* (citing *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)).

Several of the factors to be considered weigh in favor of declining to exercise jurisdiction over this case, and the Court finds the decision in *Mitcheson v. Harris*, 955 F.2d at 236, to be particularly instructive. In *Mitcheson*, an action related to lead exposure in a rental home was brought in state court. Mitcheson, acting for the insurer, filed a declaratory judgment suit in federal court seeking a declaration that the insurer was not obligated to defend or indemnify the home owner. Specifically, Mitcheson argued that the harm which occurred did not constitute an "occurrence" under the policy and therefore was not covered by the policy. *Id.* The court of appeals in *Mitcheson* reversed the district court's holding on summary judgment, finding that the district court should have declined to exercise jurisdiction. In so finding, the court of appeals noted the obvious interest of the state in interpreting contracts under its own law, the fact that the underlying state court action which was pending at the time the declaratory judgment action was filed involved only questions of state law, the benefit of "resolving all litigation stemming from a single controversy in a single court system," *id.* at 239, the promotion of comity between the federal and state courts, and the closeness of the state law issue of coverage. *Id.* at 238-40.

As in *Mitcheson*, the underlying state court action here was filed first and involves only questions of state law. While this Court is competent to decide issues of contract interpretation under state law, it cannot ignore North Carolina's interest in deciding those issues for itself. The Court is further persuaded that the efficiencies to be gained from a single court system deciding all of the issues arising from the underlying controversy outweigh any argument by ARI that there would be no entanglement of issues between this Court and the state court. Moreover, a decision by this Court that the Loboscos and LPL should have expected damage or injury from

4

lead paint, and therefore that an exclusion under the policy would apply, could operate as estoppel as to what the Loboscos knew or should have known regarding the presence of lead paint, implicating questions presented to the state court in the underlying action. As noted by Lewis and Smith, this raises at least a question of whether ARI is engaged in a race to res judicata. Additionally, ARI is presently defending LPL and the Loboscos in the state court action. Should this Court decide that ARI has no duty to defend, the state court action would be considerably delayed, *Am. Motorists Ins. Co. v. Commonwealth Med. Liab. Ins. Co.*, 306 F. Supp. 2d 576, 581 (E.D. Va. 2004); as of the date of filing of this motion to dismiss the parties in the state court action had requested a June 2017 trial date. [DE 19 at 2]. Alternatively, if the Loboscos and LPL are found not to be liable in the state court action, any declaration by this Court regarding ARI's duty to indemnify would be rendered unnecessary. *W. World Ins. Co. v. Sur Developers & Builders, Inc.*, No. CIV. WDQ-14-3967, 2015 WL 5675280, at *7 (D. Md. Sept. 24, 2015) (citing *Mitcheson*, 995 F.2d at 239).

While the Court recognizes those cases cited by ARI in which the court has found it appropriate to exercise jurisdiction over an insurance coverage declaratory judgment action, *see, e.g., Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 211 (4th Cir. 2006), it is not persuaded that such is the proper result in this case. *See also Indem. Ins. Co. of N. Am. v. Schriefer*, 142 F.2d 851, 853 (4th Cir. 1944) ("no possible justification for dragging into the federal court the litigation of the issues pending in the state court, for the sake of obtaining a declaratory judgment as to a matter which will have no practical significance if the defendants prevail in the state court, and which the company can litigate as well after the termination of the state court litigation as now, if the defendants do not prevail.").

5

## CONCLUSION

Accordingly, for the foregoing reasons, the Court in its discretion declines to exercise jurisdiction over this declaratory judgment action. Lewis and Smith's motion to dismiss [DE 18] is GRANTED and this action is DISMISSED in its entirety. The clerk is directed to close the file.

SO ORDERED, this _16_ day of February, 2017.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE